109 So.2d 577 (1959)
Martha PICKSTON, otherwise known as Martha Dougherty, Appellant,
v.
Charles G. DOUGHERTY, Appellee.
No. 794.
District Court of Appeal of Florida. Second District.
March 6, 1959.
Collins & Hallett, St. Petersburg, for appellant.
No appearance for appellee.
KANNER, Chief Judge.
Appellant sought decree for annulment of the marriage she had entered into with the appellee. Service upon appellee was by constructive process through publication. Since appellee did not appear to defend, a decree pro confesso was entered. The chancellor refused to grant the decree, determining that "there is no corroboration of anything basic to the cause of action."
The facts are of an indelicate nature and a recital of them is not needed in the consideration of the question presented on this appeal. Appellant concedes that there is a lack of corroborative testimony. Her position is that "under the circumstances in this case, corroboration is neither possible nor required." So the question hinges upon the single proposition of whether corroborative testimony is a requisite for an annulment decree.
Appellant recognizes that long ago Florida adopted the corroboration rule in divorce suits but urges that an annulment action is different from one of divorce and that, therefore, the chancellor has or should have the discretionary power in annulment suits to determine under the facts of each case whether corroborating testimony should be required.
We hold that no decree for annulment of marriage may be granted upon the mere uncorroborated testimony of one of the parties to the action. This rule may not be modified when the defendant does not defend. Keezer on Marriage and Divorce, Third Edition, section 233, p. 292; 55 C.J.S. Marriage § 58c, p. 940, and 35 Am.Jur., Marriage, section 130, p. 259. The *578 state having a vital interest in the marriage relation, the "conscience of the court" should be assured that testimony given will not operate to destroy the marriage through collusion, fraud, or coercion. The prime object of the corroboration doctrine is to prevent collusion and to forestall any attempt which might otherwise be made to destroy the marital relationship falsely.
The chancellor could not have reached any result other than refusal to grant a decree of annulment. His decree is, therefore, affirmed.
Affirmed.
SHANNON, J., and STURGIS, WALLACE E., A.J., concur.